GALLIAN WELKER
& BECKSTROM, L.C.
James M. Elegante (00689)
Matthew D. Ekins (12344)
965 East 700 South, Suite 305
St. George, Utah  84790
T:  (435) 628-1682
F:  (435) 628-9561
jelegante@utahcase.com
matt@utahcase.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| NATHANIEL PAUL, on behalf of himself and others similarly situated, | § § § | CIVIL ACTION NO. 4:19-cv-76 |
| *Plaintiff*, | § § § | JURY TRIAL DEMANDED |
| v. | § § | |
| TITAN STAIRS & TRIM, INC., KENDALL D. PRISBREY, and KODY PRISBREY | § § § § | COLLECTIVE ACTION |
| *Defendants.* | § | |

**COLLECTIVE ACTION COMPLAINT**

1. Titan Stairs & Trim, Inc. ("Titan"), an architectural supply and installation company, Kendall D. Prisbrey, and Kody Prisbrey (collectively "Defendants"), violated the Fair Labor Standards Act ("FLSA") by forcing Plaintiff Nathaniel Paul ("Plaintiff" or "Mr. Paul") and similarly situated workers, to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Mr. Paul worked for Defendants as a store clerk/laborer and was damaged by those illegal policies or practices.  In short, Mr. Paul was denied the timely overtime

1

compensation he was due under the FLSA.  Mr. Paul brings this lawsuit on behalf of himself and all other similarly situated current or former hourly-paid store clerks/laborers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## I.     JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Saint George, Utah. 28 U. S. C. § 1391(b)(2).

## II.     THE PARTIES

5. Mr. Paul worked as a store clerk/laborer for Defendants.  He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA. Plaintiff Nathaniel Paul's FLSA consent is attached as Exhibit A.

6. The FLSA class of similarly situated employees consists of all current and former hourly-paid store clerks/laborers, who were employed by Defendants during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Titan Stairs & Trim Inc. is a domestic for-profit corporation with a principal place of business at 188 North 3050 East Bldg. B1, Saint George, Utah 84790, which is engaged in commerce in the United States and is otherwise subject to the FLSA.  Titan employed Plaintiff and Members of the Class within the meaning of the FLSA.  Titan may be served with process by serving its Registered Agent, Robert M. Jensen at 216 St. George Blvd., Suite 200, Saint George, Utah 84770.

8. Defendant Kendall D. Prisbrey is a co-owner and a principal of Defendant Titan and an individual residing in Utah.  Kendall D. Prisbrey, upon information and belief, possessed control over Titan's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated.  Kendall D. Prisbrey directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation, and by doing so, regularly transacted within this district.  Kendall Prisbrey may be served with process at 882 S 800 E Box 544, New Harmony, Utah 84757.

9. Defendant Kody Prisbrey is a co-owner and a principal of Defendant Titan and an individual residing in Utah.  Kody Prisbrey, upon information and belief, possessed control over Titan's actual operations in manner that directly relates to Plaintiff's employment and that of those similarly situated.  Kody Prisbrey directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation, and by doing so, regularly transacted within this district.  Kody Prisbrey may be served with process at 2065 S Log Ln, Washington, Utah 84780.

### III.   BACKGROUND

10. The preceding paragraphs are incorporated by reference.

11. Defendants operate a turnkey supply and installation company with multiple locations in Utah.  Defendants offer custom-made, architectural products and materials for interior stairs and railings, exterior stairs and railings, doors, gates, and fencing.  Additionally, Defendants provide construction and installations services of their products.  Defendants employ store clerks/laborers to assist their customers with building and installing their staircases and other architectural products.

12.     Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per week.  However, Defendants did not pay their store clerks/laborers one and one-half times their regular rate for all hours in excess of 40 each week.  Instead, Defendants only pay/paid their store clerks/laborers straight-time pay (no overtime) for all hours worked, including the hours worked in excess of 40 hours in a workweek.  As a result, Defendants failed to properly compensate their employees under the FLSA.

### IV.     PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A.     Defendants Failed to Properly Pay Regular and Overtime Compensation.*

13.     The preceding paragraphs are incorporated by reference.

14.     Plaintiff worked for Defendants as a store clerk/laborer, where he performed various tasks, including but not limited to assisting customers, initiating paperwork, going to jobsites, taking measurements and pictures, ordering products and supplies, building/constructing products, and installing products at the jobsites.  During his employment, Plaintiff often worked approximately 55 hours or more in a workweek.

15.     During Plaintiff's employment, Defendants paid him a set hourly rate for all hours worked in a workweek, and Plaintiff was paid on a biweekly basis.  For the hours worked in excess of 40 hours per week, Defendants paid Plaintiff his straight-time rate, rather than one and one-half times his regular hourly rate.

16.     The FLSA and applicable regulations require that non-exempt individuals like Plaintiff and Members of the Class receive at least minimum wage for all hours suffered or permitted to work, as well as overtime compensation at a rate of 1.5 times their regularly hourly rate for all hours worked over 40 in a workweek.  Defendants should have paid Plaintiff for 40

hours of regular pay and at least 15 hours or more of overtime compensation in a typical week, but Defendants failed to pay Plaintiff that amount.

17. By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

### B. *Defendants Willfully Violated the FLSA.*

18. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

19. Defendants have or had a policy and/or practice of not paying their employees for all of the regular time and overtime they worked each week at the proper rate. Defendants should have paid their employees their regular rate for all hours worked, and they should have paid their employees overtime compensation at 1.5 time their regular rates for all hours worked in excess of 40 hours per week.

20. Defendants knew or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### V. FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

21. The preceding paragraphs are incorporated by reference.

22. Plaintiff is aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class. Like Plaintiff, Members of the Class are employed by Defendants as store clerks/laborers, who performed the same duties as Plaintiff, as described

above.  As with Plaintiff, Members of the Class frequently work(ed) substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

23. Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

24. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice.  Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees for less than all the overtime hours that such workers are suffered or permitted to work.  As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

25. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid store clerks/laborers, who were employed by Defendants during the three-year period preceding the filing of this complaint.**

26. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

27. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

### VI.   CAUSES OF ACTION

28. The preceding paragraphs are incorporated by reference.

29. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or

permitted to work in a week and by failing properly compensate for overtime hours, as described above.  29 U.S.C. §§ 206, 207.

30.     Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207, 216 (b).

31.     In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages.  29 U.S.C. § 216(b).

32.     Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  *Id*.

## VII.   JURY DEMAND

33.     Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants Titan Stairs & Trim, Inc., Kendall D. Prisbrey, and Kody Prisbrey for:

1.      damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

2.      damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

3.      an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

4.      reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 12th day of September, 2019

          Respectfully submitted,

          GALLIAN WELKER & BECKSTROM, LLC

          By: *James M. Elegante*
              James M. Elegante
              Utah Bar No. 00689
              Matthew D. Ekins
              Utah Bar No. 12344
              965 East 700 South, Suite 305
              St. George, Utah 84790
              Tel.: 435-628-1682
              Fax: 435-628-9561
              jelegante@utahcase.com
              matt@utahcase.com

              Robert W. Cowan
              Texas Bar No. 24031976
              *(Pro Hac Vice to be req'd)*
              Katie R. McGregor
              Texas Bar No. 24098079
              *(Pro Hac Vice to be req'd)*
              BAILEY COWAN HECKAMAN PLLC
              5555 San Felipe St., Suite 900
              Houston, Texas 77056
              Tel.: 713-425-7100
              Fax: 713-425-7101
              rcowan@bchlaw.com
              kmcgregor@bchlaw.com
              ***Attorneys for Plaintiffs***

# EXHIBIT A

## NOTICE OF CONSENT

I consent to be a party plaintiff in this action and, if necessary, a subsequent action, to recover any unpaid wages owed to me by:

TITAN STAIRS & TRIM, INC., and related entities.

I consent to join the lawsuit in which this Notice of Consent is filed by Bailey Cowan Heckaman PLLC and/or any of its co-counsel (collectively "BCH") and on my behalf (the "Lawsuit").

I performed the duties and was paid in the manner described in the active Complaint or Petition in this Lawsuit.

If I am not a Named Plaintiff in this Lawsuit (i.e., if my name does not appear at the top of the first page of pleadings in this Lawsuit), then I authorize the named Plaintiff(s) and BCH to file and prosecute the Lawsuit on my behalf, and I designate the named Plaintiff(s) to make decisions on my behalf concerning the Lawsuit, including negotiating and deciding a resolution of my claims, including any pretrial or post-trial settlement, and I understand that I may be bound by such decisions, subject to Court approval if necessary or required.

I agree to be represented by BCH in this Lawsuit. I agree to be bound by the Contract of Representation executed between the named Plaintiffs in this Lawsuit and BCH, subject to the additional terms stated in this Notice of Consent. I may obtain a copy of the executed Contract(s) of Representation by contacting BCH in writing.

In the event this Lawsuit is not certified or is decertified, I authorize BCH to reuse this Notice of Consent to re-file my claims in separate or related action(s) against the named Defendant(s) in this Lawsuit.

_[signature]_
Signature

Nathaniel paul
Full Legal Name (print)

5/23/19
Date

BAILEY COWAN HECKAMAN PLLC
5555 San Felipe St., Suite 900, Houston, Texas 77056
overtime@bchlaw.com  •  1-866-716-8300